1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   Scott Johnson,                    No. 2:13-cv-01624-GEB-KJN

8            Plaintiff,

9       v.                            **ORDER TO SHOW CAUSE AND
                                      CONTINUING STATUS (PRETRIAL
10  George C Ganiats, in his          SCHEDULING) CONFERENCE**
    individual and representative
11  capacity as Trustee; Dolores
    R Ganiats, in her individual
12  and representative capacity
    as Trustee; The Legacy BFO,
13  Inc., a California
    Corporation; Angela C Chuong
14  dba Hair Do's & Nails; and
    Does 1-10,
15
             Defendants.
16

17

18          The August 7, 2013 Order Setting Status (Pretrial

19  Scheduling) Conference scheduled a status conference in this case

20  on December 9, 2013, and required the parties to file a joint

21  status report no later than fourteen (14) days prior to the

22  scheduling conference. The August 7, 2013 Order further required

23  that a status report be filed regardless of whether a joint

24  report could be procured. No status report was filed as ordered.

25          Therefore, Plaintiff is Ordered to Show Cause ("OSC")

26  in a writing to be filed no later than December 9, 2013, why

27  sanctions should not be imposed against him and/or his counsel

28  under Rule 16(f) of the Federal Rules of Civil Procedure for

                                 1

1 failure to file a timely status report. The written response

2 shall also state whether Plaintiff or his counsel is at fault,

3 and whether a hearing is requested on the OSC.[1] If a hearing is

4 requested, it will be held on February 3, 2014, at 9:00 a.m.,

5 just prior to the status conference, which is rescheduled to that

6 date and time. A joint status report shall be filed no later than

7 fourteen (14) days prior to the status conference.

8          IT IS SO ORDERED.

9          Dated:  December 2, 2013

10

11

12    _____
GARLAND E. BURRELL, JR.
Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26 [1]     "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744

27 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon

28 clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2